SEKI, NISHIMURA & WATASE, PLC
JOSEPH P. ESPOSITO (SBN 142785)
jesposito@snw-law.com
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
NICOLE R. CASTRONOVO (SBN 314585)
ncastronovo@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendants, COUNTY OF LOS ANGELES and
DEPUTY CARLOS MACIEL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS CERNAS; JOHN I.C. DOE, a minor, by and through his guardian ad litem Maritza Casillas; JANE I.C. DOE, a minor, by and through her guardian ad litem Maritza Casillas; and BEATRIZ LOERA,<br><br>               Plaintiffs,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, CARLOS MACIEL, and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No. 2:24-cv-03261-SPG (SKx)<br><br>(Hon. Sherilyn Peace Garnett)<br><br>**ANSWER OF DEFENDANT, DEPUTY CARLOS MACIEL, TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  April 19, 2024 |

TO PLAINTIFFS AND TO ALL PARTIES AND TO THEIR

RESPECTIVE ATTORNEYS OF RECORD HEREIN:

Defendant CARLOS MACIEL ("Answering Defendant") for himself alone and for no others, hereby answers the Complaint for Damages of plaintiffs, ALEXIS CERNAS; JOHN I.C. DOE, a minor, by and through his guardian ad litem Maritza Casillas; JANE I.C. DOE, a minor, by and through her guardian ad litem Maritza Casillas; and BEATRIZ LOERA, and pleads as follows:

## JURISDICTION AND VENUE

1.     Answering Paragraph 1, Answering Defendant admits that jurisdiction is proper based upon the allegations of Plaintiffs' Complaint.

2.     Answering Paragraph 2, Answering Defendant admits that venue is proper based upon the allegations of Plaintiffs' Complaint.

## INTRODUCTION

3.     Answering Paragraph 3, Answering Defendant admits that the complaint seeks damages for federal and state law violations arising from the death of Arturo Cernas on August 7, 2023.

4.     Answering Paragraph 4, Answering Defendant denies the allegations of this Paragraph and denies that he was a cause of injury or damage to Plaintiffs.

5.     Answering Paragraph 5, Answering Defendant denies the allegations of this Paragraph and denies that he was a cause of injury or damage to Plaintiffs.

## PARTIES

6.     Answering Paragraph 6, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

7.     Answering Paragraph 7, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

8.     Answering Paragraph 8, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis, they are denied.

9.      Answering Paragraph 9, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, they are denied.

10.     Answering Paragraph 10, Answering Defendant admits that the County of Los Angeles was, and is, a public governmental entity existing under the laws of the State of California and that the Los Angeles County Sheriff's Department is a political sub-division of the County.  The remaining allegations are vague, ambiguous and over broad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

11.     Answering Paragraph 11, Answering Defendant admits that he is a Deputy Sheriff with the Los Angeles County Sheriff's Department.  As DOE Defendants have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to DOE defendants, and on that basis, they are denied.  The remaining allegations are vague, ambiguous and over broad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

12.     Answering Paragraph 12, as Does 6 through 10 have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

13.     Answering Paragraph 13, as Does 1 through 10 have not been identified, Answering Defendant does not have sufficient knowledge or

information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

14.     Answering Paragraph 14, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations contained in said paragraph, and on that basis, they are denied.

15.     Answering Paragraph 15 as Does Defendants have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

16.     Answering Paragraph 16, as Does 1 through 10 have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

17.     Answering Paragraph 17, as Does 1 through 10 have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

18.     Answering Paragraph 18, the allegations are vague, ambiguous and overbroad.  Further, Does 1 through 10 have not been identified.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.     Answering Paragraph 19, Answering Defendant admits the allegations of this Paragraph.

20.     Answering Paragraph 20, Answering Defendant admits that an

employee of the gas station called 911 regarding the decedent.  The remaining allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in said paragraph, and on that basis, they are denied.

21.    Answering Paragraph 21, Answering Defendant admits that Los Angeles County Sheriff's deputies, including himself, responded to the gas station. The remaining allegations are vague, ambiguous and overbroad. Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in said paragraph, and on that basis, they are denied.

22.    Answering Paragraph 22, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of allegations in said paragraph, and on that basis, they are denied.   Answering Defendant denies that decedent complied with commands.

23.    Answering Paragraph 23, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of allegations in said paragraph, and on that basis, they are denied.

24.    Answering Paragraph 24, Answering Defendant admits that shots were fired by responding deputies, including himself, which struck the decedent. The remaining allegations are vague, ambiguous and overbroad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in said paragraph, and on that basis, they are denied.

25.     Answering Paragraph 25, the allegations are vague, ambiguous and

overbroad.   Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of allegations in said paragraph, and on that basis, they are denied.

26.     Answering Paragraph 26, Answering Defendant admits there was an autopsy report which contained findings related to the gunshot wounds. Answering Defendant denies each of the remaining allegations in this paragraph.

27.     Answering Paragraph 27, Answering Defendant admits that deputies discharged their weapons.  Answering Defendant denies the remainder of the allegations of this paragraph.

28.     Answering Paragraph 28, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

29.     Answering Paragraph 29, Answering Defendant denies the allegations of this paragraph.

30.     Answering Paragraph 30, Answering Defendant denies the allegations of this paragraph.

31.     Answering Paragraph 31, Answering Defendant denies the allegations of this paragraph.

32.     Answering Paragraph 32, Answering Defendant denies the allegations of this paragraph.

33.     Answering Paragraph 33, Answering Defendant denies the allegations of this paragraph.

34.     Answering Paragraph 34, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

35.     Answering Paragraph 35, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

36.     Answering Paragraph 36 the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

37.     Answering Paragraph 37, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

38.     Answering Paragraph 38, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

39.     Answering Paragraph 39, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure-Excessive Force

### 42 USC § 1983

40.     Answering Paragraph 40, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of their Complaint and Defendant answers and responds to said allegations as previously set forth above.

41.     Answering Paragraph 41, Answering Defendant denies the allegations of this paragraph.

42.     Answering Paragraph 42, Answering Defendant denies the

allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

43.     Answering Paragraph 43, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

44.     Answering Paragraph 44, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

45.     Answering Paragraph 45, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

46.     Answering Paragraph 46, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs and further denies that any of his conduct warrants the imposition of punitive damages.

47.     Answering Paragraph 47, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

48.     Answering Paragraph 48, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment-Denial of Medical Care

### 42 USC § 1983

49.     Answering Paragraph 49, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of their Complaint and Defendant answers and responds to said allegations as previously set forth above.

50.     Answering Paragraph 50, Answering Defendant denies the

allegations of this paragraph.

51.    Answering Paragraph 51, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

52.    Answering Paragraph 52, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

53.    Answering Paragraph 53, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

54.    Answering Paragraph 54, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs and further denies that any of his conduct warrants the imposition of punitive damages.

55.    Answering Paragraph 55, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

56.    Answering Paragraph 56, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

### THIRD CLAIM FOR RELIEF

### Fourteenth Amendment - Interference with Familial Relations

### 42 USC § 1983

57.    Answering Paragraph 57, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of their Complaint and Defendant answers and responds to said allegations as previously set forth above.

58.    Answering Paragraph 58, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the

allegations in said paragraph, and on that basis, they are denied.

59.    Answering Paragraph 59, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

60.    Answering Paragraph 60, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

61.    Answering Paragraph 61, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

62.    Answering Paragraph 62, Answering Defendant denies the allegations of this paragraph.

63.    Answering Paragraph 63, Answering Defendant admits that he was acting under color of law when he contacted plaintiff's decedent.  Answering Defendant denies each and every remaining allegation of this paragraph.

64.    Answering Paragraph 64, Answering Defendant denies the allegations of this paragraph.

65.    Answering Paragraph 65, Answering Defendant denies the allegations of this paragraph.

66.    Answering Paragraph 66, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

67.    Answering Paragraph 67, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

68.    Answering Paragraph 68, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to

Plaintiffs and further denies that any of his conduct warrants the imposition of punitive damages.

69.     Answering Paragraph 69, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

70.     Answering Paragraph 70, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

<u>**FOURTH CLAIM FOR RELIEF**</u>

<u>**Municipal Liability - Unconstitutional Custom or Policy**</u>

<u>**42 USC § 1983**</u>

71.     Answering Paragraph 71, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of their Complaint and Defendant answers and responds to said allegations as previously set forth above.

72.     Answering Paragraph 72, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

73.     Answering Paragraph 73, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

71.     Answering mis-numbered Paragraph 71, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

72.     Answering mis-numbered Paragraph 72, the allegations are vague, ambiguous and overbroad.  Accordingly, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the

allegations in said paragraph, and on that basis, they are denied.

73.    Answering mis-numbered Paragraph 73, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

74.    Answering mis-numbered Paragraph 74, Answering Defendant denies the allegations of this paragraph.

75.    Answering mis-numbered Paragraph 75, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

76.    Answering mis-numbered Paragraph 76, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

77.    Answering mis-numbered Paragraph 77, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

78.    Answering mis-numbered Paragraph 78, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.  Answering Defendant denies that he was a cause of injury or damage to Plaintiffs.

79.    Answering mis-numbered Paragraph 79, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied. Answering Defendant denies that he was a cause of injury or damage to Plaintiffs.

80.    Answering mis-numbered Paragraph 80, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

81.    Answering mis-numbered Paragraph 81, Answering Defendant

denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

82.     Answering mis-numbered Paragraph 82, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

83.     Answering mis-numbered Paragraph 83, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

84.     Answering mis-numbered Paragraph 84, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

## FIFTH CLAIM FOR RELIEF

## Municipal Liability-Failure to Train

## 42 USC § 1983

85.     Answering mis-numbered Paragraph 85, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of their Complaint and Defendant answers and responds to said allegations as previously set forth above.

86.     Answering mis-numbered Paragraph 86, Answering Defendant admits that during his contact with plaintiff's decedent, he was acting under color of law.  Answering Defendant denies the remainder of the allegations in this paragraph.

87.     Answering mis-numbered Paragraph 87, Answering Defendant denies the allegations of this paragraph.

88.     Answering mis-numbered Paragraph 88, Answering Defendant denies the allegations of this paragraph.

89.     Answering mis-numbered Paragraph 89, Answering Defendant admits that he was trained by the County as to proper police tactics.  The remaining allegations are vague, ambiguous and overbroad.  Accordingly,

Answering Defendant does not have sufficient knowledge or information to form a belief as to the remainder of the allegations in this paragraph, and on that basis, they are denied.

90.     Answering mis-numbered Paragraph 90, the allegation regarding POST standards is admitted.  Answering Defendant denies the remaining allegations of this paragraph.

91.     Answering mis-numbered Paragraph 91, Answering Defendant denies the allegations of this paragraph.

92.     Answering mis-numbered Paragraph 92, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

93.     Answering mis-numbered Paragraph 93, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.  As Does have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.

94.     Answering mis-numbered Paragraph 94, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

95.     Answering mis-numbered Paragraph 95, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

96.     Answering mis-numbered Paragraph 96, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

97.     Answering mis-numbered Paragraph 97, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

98.     Answering mis-numbered Paragraph 98, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

## SIXTH CLAIM FOR RELIEF

### Battery – Govt Code § 820 – Wrongful Death

99.     Answering mis-numbered Paragraph 99, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of their Complaint and Defendant answers and responds to said allegations as previously set forth above.

100.     Answering mis-numbered Paragraph 100, Answering Defendant admits that he was working as a sheriff's deputy for the County of Los Angeles at the time of the contact with Plaintiffs' decedent.  As Does have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.   Answering Defendant denies the remainder of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

101.     Answering mis-numbered paragraph 101, Answering Defendant denies that his actions were wrongful.  As Does have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.  The remainder of the paragraph purports to be a statement of law which requires neither an admission nor a denial.

102.     Answering mis-numbered Paragraph 102, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs and further denies that any of his conduct warrants the imposition of punitive damages.

103.     Answering mis-numbered Paragraph 103, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the

allegations in said paragraph, and on that basis, they are denied.

## SEVENTH CLAIM FOR RELIEF

### Negligence - Govt. Code § 820 – Wrongful Death

104.   Answering mis-numbered Paragraph 104, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of their Complaint and Defendant answers and responds to said allegations as previously set forth above.

105.   Answering mis-numbered Paragraph 105, Answering Defendant denies the allegations of this paragraph.

106.   Answering mis-numbered Paragraph 106, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

107.   Answering mis-numbered paragraph 107, Answering Defendant denies that his actions were wrongful.  As Does have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.  The remainder of the paragraph purports to be a statement of law which requires neither an admission nor a denial.

108.   Answering mis-numbered Paragraph 108, Answering Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis, they are denied.

## EIGHTH CLAIM FOR RELIEF

### Violation of Bane Act – Civil Code § 52.1

109.   Answering mis-numbered Paragraph 109, Answering Defendant acknowledges that Plaintiffs are re-pleading the previous allegations of their Complaint and Defendant answers and responds to said allegations as previously set forth above.

110.    Answering mis-numbered Paragraph 110, the paragraph purports to be a statement of law which requires neither an admission nor a denial.

111.    Answering mis-numbered Paragraph 111, the paragraph purports to be a statement of law which requires neither an admission nor a denial.

112.    Answering mis-numbered Paragraph 112, Answering Defendant denies that he violated decedent's constitutional rights.  The remainder of the paragraph purports to be a statement of law which requires neither an admission nor a denial.

113.    Answering mis-numbered Paragraph 113, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

114.    Answering mis-numbered Paragraph 114, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

115.    Answering mis-numbered Paragraph 115, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

116.    Answering mis-numbered Paragraph 116, Answering Defendant admits that he and the other Los Angeles County Sheriff's deputies were in the course and scope of their employment at the time of the contact with Plaintiffs' decedent as alleged in the complaint.  Answering Defendant denies the remainder of the allegations in this paragraph.

117.    Answering mis-numbered Paragraph 117, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs.

118.    Answering mis-numbered Paragraph 118, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or

damage to Plaintiffs.

119.   Answering mis-numbered paragraph 119, as Does have not been identified, Answering Defendant does not have sufficient knowledge or information to form a belief as to the allegations with respect to Doe defendants, and on that basis, they are denied.  Answering Defendant denies that he was a cause of injury or damage to Plaintiffs.  The remainder of the paragraph purports to be a statement of law which requires neither an admission nor a denial.

120.   Answering mis-numbered Paragraph 120, Answering Defendant denies the allegations of this paragraph and denies that he was a cause of injury or damage to Plaintiffs and further denies that any of his conduct warrants the imposition of punitive damages.

121.   Answering mis-numbered Paragraph 121, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

122.   Answering mis-numbered Paragraph 122, Answering Defendant denies that Plaintiffs are entitled to any damages as a result of his conduct.

## PRAYER FOR RELIEF

Answering Defendant denies that Plaintiffs are entitled to any damages, including punitive and exemplary damages, as a result of any act or omission on the part of this Answering Defendant.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that Plaintiffs' Complaint and each claim for relief stated therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by the negligence of Plaintiffs or Plaintiffs' decedent and their damages, if any, should be reduced in direct proportion to their fault.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that Plaintiffs' Complaint fails to state a claim under 42 U.S.C. § 1983 for Fourth or Fourteenth Amendment violations upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the detention of Plaintiffs' decedent, if any, was not wrongful because Defendants had a right to detain Plaintiffs' decedent for questioning and/or other investigatory purposes.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the detention of Plaintiffs' decedent was not wrongful as Defendant had reasonable grounds to believe that a crime had been committed.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the force used against plaintiffs' decedent was caused and necessitated by the conduct of Plaintiffs' decedent and was reasonable and necessary for self-defense to prevent Plaintiffs' decedent from unlawfully harming or otherwise interfering with the lawful duties of Answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that at all relevant times, its employees were duly qualified and acting as

deputies with the County of Los Angeles; that they were at all relevant times engaged in the performance of their regularly assigned duties in the employment of the County of Los Angeles as peace officers; and that at all relevant times, they acted in good faith and without malice.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that at all times relevant herein, Defendant's actions were reasonable, proper, legal and within policy.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that at all times relevant herein, Defendant had reasonable cause to believe that a public offense was being committed in its presence or had been committed.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that as public employees, they are not liable for their acts or omissions, exercising due care, in the execution or enforcement of any law.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that as public employees, they are not liable for an injury resulting from their acts or omissions where the act or omission was the result of the exercise of discretion vested in them pursuant to Government Code section 820.2.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any and all events and happenings, injuries, loss, and damage referred to in Plaintiffs' Complaint were directly and proximately caused and contributed to by the carelessness and negligence of Plaintiffs' decedent and the

extent of damages assessed against this Answering Defendant, if any, should be reduced in proportion to the negligence of plaintiffs' decedent.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that pursuant to Government Code sections 844.6, 845.6, 855.6, and 856.4, Defendant is not liable for the injuries or damages alleged in Plaintiffs' Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that pursuant to Government Code sections 815.2, 820.4, and 820.8, Defendant is immune from liability for the actions alleged in Plaintiffs' Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the individual defendants are entitled to qualified immunity, and as to any federal claims and theories of recovery, they are protected from liability under the doctrine of qualified immunity because their conduct did not violate any clearly established right which a reasonable person would have known.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that public employees are not liable for injury caused by the act or omission of another person.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that its employees did not act with deliberate indifference towards Plaintiffs' decedent, discriminate against Plaintiffs' decedent, nor interfere nor attempt to interfere by threats, intimidation, violent acts, or coercion, with

Plaintiffs' decedents' exercise or enjoyment of any right secured by the Constitution or the laws of the United States or State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any search and/or seizure was supported by probable cause and/or fell within a recognized warrant exception.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the deprivation of Plaintiff's property, if any, comported with the Fourteenth Amendment.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that Plaintiffs' Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations and/or California *Code of Civil Procedure* § 335.1 and 342.

### TWENTY- FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Plaintiffs' claims are barred by the failure of Plaintiffs to timely commence the action within the time required by California *Government Code* §§ 945.6 and 950.2 and failed to timely comply with the administrative claim provisions of California *Government Code* §§ 911.2 and 945.4, and 950.6.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any and all official conduct undertaken was in good faith and without malicious intent to deprive Plaintiffs' decedent of his constitutional rights or to cause other injury.

///

### TWENTY- THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that there is no imputed liability between public officers in actions under the Federal Civil Rights Act.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that all of the force used, if any, was reasonable under the circumstances.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that public employees are not liable for injury caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of his employment, even if found to have acted maliciously and without probable cause pursuant to Government Code § 821.6.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that public employees are not liable for injuries caused by adopting or failing to adopt an enactment or by failing to enforce any law pursuant to Government Code § 818.2 and 821.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that public employees are not liable for injury caused by misrepresentations by the employee, whether or not such misrepresentation be negligent or intentional pursuant to Government Code § 818.8 and 822.2.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Complaint, and each claim contained therein, is barred on the ground that this answering Defendant was not the cause in fact of any alleged

damage, injury, or loss to Plaintiffs or Plaintiffs' decedent, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Complaint, and each claim contained therein, is barred on the ground that this answering Defendant was not a substantial cause of any alleged damage, injury, or loss to Plaintiff or Plaintiffs' decedent, if any.

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Complaint fails to state sufficient facts to entitle Plaintiffs to punitive or exemplary damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that all the claims for relief set forth in Plaintiffs' Complaint are barred because Plaintiffs failed to take reasonable steps to mitigate their damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that immunity rights are preserved under *Government Code* §§ 815, et seq., including but not limited to defenses under sections 815.6, 820.2, 820.4, 820.8, 821.6, 844.6, 845, 845.2 and 845.6.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that the Complaint does not state facts sufficient to constitute a claim for relief against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant is

immune from liability pursuant to California Penal Code §§ 834a and 847.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any injury or damage suffered by Plaintiffs was caused solely by reason of the wrongful acts and conduct of Plaintiffs' decedent and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of this Defendant.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that probable cause existed for the detention of Plaintiffs' decedent which precludes liability on the Complaint.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Answering Defendant contends that any injury to Plaintiffs or Plaintiffs' decedent was due to and caused by the negligence and omissions of the Plaintiffs or Plaintiffs' decedent to care for themselves, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to Plaintiff and Plaintiffs' decedent.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action against this answering Defendant because, under *Monell v. Department of Social Services for the City of New York,* 436 U.S. 658, there can be no recovery for federal civil rights violations where there is no constitutional deprivation occurring pursuant to government custom.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred because any injury suffered was caused solely by reason of the wrongful acts and conduct of Plaintiffs' decedent. The conduct of Defendants, alleged by Plaintiffs, if and to the extent it occurred, was privileged,

justified, and done with a good faith belief that it was correct and accordingly no action may be taken against Defendants on behalf of such conduct.

### FORTIETH AFFIRMATIVE DEFENSE

Any acts or omissions by Answering Defendant or its employees were not the result of oppression, fraud or malice.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were not proximately caused by any policy, custom practice, procedure, or regulation promulgated or tolerated by Defendant County of Los Angeles.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The acts complained of in the Complaint were not caused by a policy or procedure promulgated or tolerated by an official authorized under State law to enact County policy or procedure.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to Government Code § 815.2(b), Defendants are not liable for any injury resulting from the act or mission of one of its employees where the employee is immune from liability.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable on a theory of *respondeat superior* for any negligent or wrongful act or omission on the part of a subordinate. Government Code § 844.6, § 845.6; Civil Code § 2351; *Monell v. Department of Social Services* 436 U.S. 658.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief under 42 U.S.C. § 1983 are barred because the acts or omissions alleged in their Complaint were not part of a pattern, policy, custom, habit or practice of the County or its employees to deny Plaintiffs or Plaintiffs' decedent the rights and privileges enforced under 42 U.S.C. § 1983.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

All actions of Defendants and their officers, agents or employees, complained of herein, were taken in accordance with published policies and procedures, were in accordance with law and thereby privileged.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its answer to allege said affirmative defenses at such time as they become known.

WHEREFORE, Answering Defendant prays for judgment as follows:

1.      That Plaintiffs takes nothing by reason of their Complaint, and that judgment be entered in favor of Answering Defendant on all claims for relief alleged in the Complaint;

2.      That Answering Defendant recover its costs of suit incurred herein, including reasonable attorneys' fees; and

3.      For such other and further relief as the Court deems proper and just.

DATED:  June 6, 2024                     SEKI, NISHIMURA & WATASE, PLC


By___*/s/  JANET L. KEUPER*_____
        JOSEPH P. ESPOSITO
        JANET L. KEUPER
        NICOLE R. CASTRONOVO
        Attorneys for Defendants,
        COUNTY OF LOS ANGELES and
        DEPUTY CARLOS MACIEL

## **DEMAND FOR JURY TRIAL**

Defendant, DEPUTY CARLOS MACIEL hereby requests a jury trial on all issues triable by jury, as provided by Federal Rule of Civil Procedure, Rule 38(a) and (b).

DATED:  June 6, 2024                    SEKI, NISHIMURA & WATASE, PLC


By   */s/  JANET L. KEUPER*
　　　JOSEPH P. ESPOSITO
　　　JANET L. KEUPER
　　　NICOLE R. CASTRONOVO
　　　Attorneys for Defendants,
　　　COUNTY OF LOS ANGELES
　　　And DEPUTY CARLOS MACIEL