LUIS A. CARRILLO (SBN 70398)
MICHAEL S. CARRILLO (SBN 258878)
DOMINIQUE L. BOUBION (SBN 336915)
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong (SBN 281819)
Shannon J. Leap (SBN 339572)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
*Attorneys for Plaintiffs*

Janet L. Keuper (SBN 128417)
Joseph Esposito (SBN 142785)
Nicole R. Castronovo (SBN 314585)
**SEKI, NISHIMURA & WATASE, PLC**
600 Wilshire Blvd., Suite 1250
Los Angeles, CA 90017
(213) 481-2869 / (213) 481-2871 (FAX)
jkeuper@snw-law.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALEXIS CERNAS; JOHN I.C. DOE**, a minor, **JANE I.C. DOE**, a minor, by and through their guardian ad litem Maritza Casillas; and, **BEATRIZ LOERA,**<br>Plaintiffs,<br>v.<br>COUNTY OF LOS ANGELES, CARLOS MACIEL, and DOES 1 through 10, inclusive,<br>Defendants.<br>　　　　　　　　　Defendants. | Case No. 2:24-cv-03261-SPG-SK<br><br>(*Hon. Judge Sherilyn Peace Garnett<br>Hon. Magistrate Judge Steven Kim*)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Initial Complaint filed: April 19, 2024<br>Def. County Answer filed: May 29, 2024<br>Defendant Carlos Maciel Answer filed:<br>June 6, 2024<br>(Proposed) Trial Date: October 21, 2025 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's May 31, 2024 Order setting the Scheduling Conference [Dkt. No. 29], the early meeting of counsel has been conducted between counsel for Plaintiffs ALEXIS CERNAS; JOHN I.C. DOE, a minor, by and through his guardian ad litem Maritza Casillas; JANE I.C. DOE, a minor, by and through her guardian ad litem Maritza Casillas; and, BEATRIZ LOERA, ("Plaintiffs") and counsel for Defendants County of Los Angeles and Carlos Maciel (collectively, "the Parties"). The Parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

1. Statements of the Case:

   a. *Plaintiffs:* On August 7, 2023, Deputies from the Los Angeles County Sheriff's Department, including Defendant Carlos Maciel, responded to a 9-1-1 call at a gas station located on the 17400 block of S. Central Avenue in the City of Carson, in the County of Los Angeles. The call was regarding a man, later identified as Arturo Cernas ("Mr. Cernas" or "Decedent"). When the Deputies arrived, they pointed less-lethal and lethal weapons at Mr. Cernas, who they had reason to believe may have been experiencing a mental health crisis. Mr. Cernas complied with the Deputies' commands and placed his hands above his head, turned so that his back was facing the Deputies, and got on his knees. Mr. Cernas began to discard items out of his backpack and his pants' pockets away from his person. At that time, one deputy deployed a less-lethal round at Mr. Cernas. Almost simultaneously, and without issuing any warning, Defendant Carlos Maciel fired at least four lethal rounds at Mr. Cernas, fatally striking him multiple times, including to his back. At

all relevant times, Mr. Cernas was unarmed and posed no imminent threat of death or serious bodily injury to the Deputies or any other person. Even though the Deputy Defendants, including Defendant Carlos Maciel, were not faced with an immediate threat of death or serious bodily injury and had less than lethal alternatives available to them, they did not use, let alone exhaust these alternatives.

b. *Defendants:*  Los Angeles County Sheriff's Deputies responded to a call for service regarding plaintiffs' decedent.  Plaintiffs' decedent failed to comply with requests from the deputies and reached for what appeared to be a weapon.  Defendants responded to the threat. Defendants deny the allegations of Plaintiffs and deny that Plaintiffs sustained any injury or damage as a result of the actions of Defendants.

2. <u>Subject Matter Jurisdiction:</u>

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiffs' claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

3. <u>Legal Issues:</u>

a. Whether the Defendant Officers used excessive or unreasonable force against Decedent;

b. Whether the involved Defendant Officers' actions were reasonable under the circumstances within the meaning of Fourth and Fourteenth Amendment jurisprudence;

c. Whether the Defendant Officers denied timely medical care to Decedent;

d. Whether the Defendant Officers unlawfully interfered with Plaintiffs' familial relationship with Mr. Cernas;

e. Whether Defendant County of Los Angeles failed to adequately train its deputies;

f. Whether any policies or customs of Defendant County of Los Angeles were the moving force resulting in a violation of Mr. Cernas's rights;

g. Whether the Defendants were negligent toward Mr. Cernas;

h. Whether any individual Defendant is entitled to qualified immunity on the §1983 claim;

i. Whether any individual Defendant acted with evil motive or intent, or reckless or callous indifference toward Plaintiffs, entitling them to punitive damages;

j. The nature and scope of Plaintiffs' damages; and

k. Whether Plaintiffs are entitled to punitive damages.

4. *Parties, Evidence, etc.*:

*Parties*: The parties are Plaintiffs Alexis Cernas; John I.C. Doe, a minor, Jane I.C. Doe, a minor, by and through their guardian ad litem Maritza Casillas; and, Beatriz Loera, and Defendants County of Los Angeles, Carlos Maciel, and Does 1-10.

*Witnesses*: The percipient witnesses include Los Angeles County Sheriff's Department deputies and personnel present at the scene of the incident, relevant personnel not at the scene including medical professionals and coroners assigned to the matter. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

///

*Key Documents Plaintiffs May Use*:

The key documents include Los Angeles County Sheriff's Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include County training policies and records; depositions of the parties and witnesses; and responses to written discovery.

*Key Documents Defendants May Use to Support Defense:*

1.    Homicide Report/Lethal Force Encounter Report;

2.    Coroner Investigation Report;

3.    Photographs of scene of incident;

4.    Audio recording of 911 call and dispatch;

5.    Audio and video recordings of witness interviews;

6.    Audio and video recordings from officer body worn devices;

7.    Evidence collected at scene of incident;

8.    Aerial footage video of scene;

9.    County training policies and records;

10.    Depositions of the parties and witnesses; and

11.    Responses to written discovery

12.    Medical records of decedent

13.    Inmate medical records of decedent

5.    Damages:

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the wrongful death of Mr. Cernas, and Mr. Cernas's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiffs also seek punitive and exemplary damages against the individual Defendant Deputies only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988,

costs and interests incurred. Plaintiffs estimate damages in excess of $30 million.

Defendants dispute that they were a cause of injury or damage to Plaintiffs

6. <u>Insurance</u>:  The County of Los Angeles is a legally self insured entity. Defendant, Deputy Maciel, is sued in his capacity as an employee of the County of Los Angeles and in the course and scope of his employment at the time of the incident which gives rise to this lawsuit. Deputy Maciel has no policy of insurance which provides him coverage for the damages claimed in this lawsuit.

7. <u>Motions</u>:

    a. *Procedural Motions*

There are no pending motions. Plaintiffs anticipate naming the unnamed Doe Defendants upon completion of initial discovery. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

    b. *Dispositive Motions*

The parties have discussed potential motions and propose motion dates set forth in the attached schedule.  Plaintiffs may file a motion for summary judgment. Defendants may file a Motion for Summary Judgment or Partial Summary Judgment depending on the outcome of the discovery process.  At this time, Defendants plan to file a Motion for Summary Judgment on all claims. The Parties request that the non-moving party have two weeks to oppose a motion for summary judgement. The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

    c. *Class Certification Motion*

The parties agree that this is not a class action law suit and therefore no motion for class certification will be filed.

8. <u>Manual for Complex Litigation</u>:

The parties agree that this is not a complex case and is therefore not subject to

the Manuel for Complex Litigation.

    9.  <u>Discovery</u>:

    a. *Status of Discovery*

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties will exchange initial disclosures on July 12, 2024. Documents will be produced following issuance of a Protective Order.

    b. <u>*Discovery Plan*</u>:

The parties have discussed the anticipated discovery and propose a discovery schedule set forth in "Exhibit A" hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs.

Plaintiffs anticipate serving discovery regarding the County records regarding the incident and taking the depositions of Los Angeles County Sheriff's Department ("LASD") personnel who were present during the incident. Plaintiffs may also seek to depose the individuals most knowledgeable of LASD's policies and procedures with regards to the use of deadly force. Further, Plaintiffs plan to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

Defendants anticipate discovery to Plaintiffs regarding their claimed loss and damages which will include written discovery and depositions. Defendants will retain experts on liability and damages.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiffs may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal

Rules, if Plaintiffs learn through discovery that there were more LASD deputies who responded to the incident scene and may be material witnesses than Plaintiffs would otherwise be able to depose. Defendants are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.

   c. *Discovery Cut-off*:

   The parties propose a fact discovery cut-off, including the resolution of all discovery motions, of May 14, 2025, which is also as set forth in Exhibit A hereto.

   d. *Expert Discovery*:

   The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on May 28, 2025; Rebuttal Expert Disclosure on June 18, 2025; and Expert Discovery Cut-off of July 9, 2025. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

   The parties will simultaneously exchange their expert reports.

   e. *Settlement Conference/Alternative Dispute Resolution (ADR)*:

   The parties have not had substantive settlement discussions.

   The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel).

   f. *Trial*

    i. Trial Estimate:

The Parties estimate that the trial will take approximately 5-7 days.

    ii. Jury Trial Requested.

The Parties demand a jury trial.

    iii. Consent to Proceed before a Magistrate Judge:

The Parties do not consent to proceed before a Magistrate Judge.

    iv. Trial Counsel:

Dale K. Galipo will be the lead trial counsel in this case for Plaintiffs.

Joseph Esposito, Janet L. Keuper and Nicole R. Castronovo will be the trial

JOINT RULE 26(f) REPORT

1  attorneys for Defendants.

2          g.    Independent Expert or Master:

3      The parties agree that this case does not require an independent expert or

4  master.

5      r.    <u>Timetable</u>:

6      Counsel have agreed to the dates in Exhibit A, which takes into account the

7  trial availability for all counsel. Per the Court's order setting the Scheduling

8  Conference, the parties have attached "Exhibit A: Schedule of Pretrial and Trial

9  Dates Worksheet" hereto.

10      s.    <u>Other Issues</u>:

11      At this time, there are no other issues that require the Court's attention.

12

13                 Respectfully submitted,

14

15  Dated: June 17, 2024        LAW OFFICE OF DALE K. GALIPO

16

17          By  <u>/s/ Shannon J. Leap</u>

18          Dale K. Galipo

19          Renee V. Masongsong
        Shannon J. Leap[1]

20          Attorneys for Plaintiffs

21  DATED:  June 17, 2024      CARRILLO LAW FIRM, LLP

22

23

24          By        <u>/s/ Michael S. Carrillo</u>
        Luis A. Carrillo

25          Michael Carrillo

26          Dominique Bouboin
        Attorneys for Plaintiffs

27

28  [1] As the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 20, 2024                SEKI, NISHIMURA & WATASE, PLC


By _____ */s/ Janet L. Keuper* _____
JANET L. KEUPER
JOSEPH ESPOSITO
NICOLE R. CASTRONOVO

Attorneys for Defendants