Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Lynn Carpenter (State Bar No. 310011)
  *lynn.carpenter@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF LOS ANGELES and CARLOS MACIEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS CERNAS, JOHN I.C. DOE, a minor, by and through his guardian ad litem Maritza Casillas; JANE I.C. DOE, and, a minor, by and through her guardian ad litem Maritza Casillas; and BEATRIZ LOERA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, CARLOS MACIEL, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03261-SPG-SK<br>District Judge, Sherilyn Peace Garnett<br>Magistrate Judge, Steve Kim<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR CONTINUANCE OF COURT'S SCHEDULING DEADLINES INCLUDING TRIAL DATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LYNN CARPENTER**<br><br>*Proposed Order filed Concurrently*<br><br>Hearing Date:   05/14/25 at 1:30 p.m.<br>Filed Date:        04/19/24<br>Trial Date:         10/20/25 |

**TO THE HONORABLE COURT, PLAINTIFFS, AND THEIR COUNSEL OF RECORD:**

Please take notice that on May 14, 2025, at 1:30 p.m. at the First Street Courthouse, 350 West 1st Street, Courtroom 5C, Los Angeles, CA, 90012, Defendants COUNTY OF LOS ANGELES and CARLOS MACIEL ("Defendants") will move

---

**DEFTS' NOTICE OF MOTION & MOTION FOR CONTINUANCE OF COURT'S SCHEDULING DEADLINES INCLUDING TRIAL DATE**

this Court for an order continuing the current scheduling order deadlines, including the trial date, for approximately 90 days for good cause shown.

**Defendants COUNTY OF LOS ANGELES and CARLOS MACIEL are filing this noticed motion in an abundance of caution through their new counsel after the substitution of counsel was filed, but before it has been signed by the Court. Defendant is doing so as today is the last day to file a noticed motion requesting a continuance before the Court's May 14, 2025, deadline for completion of non-expert discovery, and to avoid forcing all parties and the Court to decide the merit of the motion in shortened notice.**

Defendants' newly-retained counsel only just received the transfer of case file materials in this civil action, and only just filed their notice of entry into the case. Defendants' counsel then sought a stipulated continuance of the scheduling deadlines from plaintiffs' counsel and offered to meet and confer regarding the instant motion before filing, as explained more fully below.

Defendants' counsel previously sent email correspondence to plaintiffs' counsel on April 1, 2025, seeking a stipulated request for continuance of the scheduling deadlines, including the trial date, due to preexisting scheduling conflicts and offering to meet and confer to reschedule plaintiffs' depositions of Deputies Nathan Deboom and Christian Sanchez, and on April 7, 2025, requesting to set a time to meet and confer pursuant to U.S. District Court – C.D. Cal., Local Rule 7-3 regarding the substance of defendants' anticipated motion to continue the Court's scheduling deadlines. Plaintiffs' counsel never responded to either of defendants' communications, making it necessary to file the instant motion.

//
//
//
//
//

Defendants' motion is based on the attached notice, memorandum of points and authorities, supporting declaration and exhibits, and upon such further matters that the Court may consider at the Court's hearing.

DATED: April 16, 2025

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ *Eugene Ramirez*
Eugene P. Ramirez
Lynn Carpenter
Attorneys for Defendants, COUNTY OF LOS ANGELES et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

This federal civil rights action contains claims related to a deputy-involved shooting that occurred on August 7, 2023, at a Chevron gas station in Carson, California. Plaintiffs, the children and mother of decedent Arturo Cernas, filed their initial complaint on April 19, 2024, alleging the following claims/causes of action: first claim for relief for excessive force under the Fourth Amendment pursuant to 42 U.S.C. § 1983 against defendant Carlos Maciel and Doe Deputies; second claim for relief for denial of medical care under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against defendant Carlos Maciel and Doe deputies; third claim for relief for interference with familial relationship under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against defendant Carlos Maciel and Doe deputies; fourth claim for relief for municipal liability – *Monell* for unconstitutional custom or policy pursuant to 42 U.S.C. § 1983 against defendant County and Doe supervisors; fifth claim for relief for municipal liability – *Monell* for failure to train pursuant to 42 U.S.C. § 1983 against defendant County and Doe supervisors; sixth claim for relief for battery under California state law against defendants Carlos Maciel, the County, and Doe deputies; seventh claim for relief for negligence – wrongful death under California state law against defendants Carlos Maciel, the County, and Doe deputies; eighth claim for relief for violation of the Bane Act pursuant to Cal. Civ. Code § 52.1 against defendants Carlos Maciel, the County, and Doe deputies; and a claim for punitive damages against defendant Carlos Maciel in an amount to be proven at trial (Doc. 1). Defendant County filed an answer to the complaint on May 29, 2024 (Doc. 25), and defendant Maciel filed an answer to the complaint on June 6, 2024 (Doc. 31).

//
//
//
//

On June 24, 2024, the Court issued its civil pretrial schedule and trial order, including the schedule of pretrial and trial dates (Doc. 37, 37-1). The Court set the jury trial of this matter for October 20, 2025. *Id.* Since that time, the parties have exchanged written discovery and plaintiffs took the deposition of defendant Carlos Maciel on December 19, 2024.

At the end of March, defense counsel Eugene Ramirez received notification that the County of Los Angeles would be transferring the defense of this action to defense counsel's law firm. The transfer of pertinent case file materials was a process that took several days to complete.

On April 1, 2025, defendants' counsel sent email correspondence to plaintiffs' counsel seeking a stipulated request for continuance of the scheduling deadlines, including the trial date, due to preexisting scheduling conflicts and to meet and confer about resetting the depositions of Deputy Nathan Deboom and Deputy Christian Sanchez. On April 7, 2025, defendants' counsel sent follow up email correspondence to plaintiffs' counsel requesting the setting of a U.S. District Court – C.D. Cal., Local Rule 7-3 meet and confer conference regarding the substance of defendants' anticipated motion to continue the Court's scheduling deadlines, as plaintiffs' counsel did not respond to the April 1, 2025, email. Plaintiffs' counsel did not respond to either of defendants' communications, thus the parties never met and conferred pursuant to the Court's standing order requirements.

On April 9, 2025, former defense counsel filed a notice of substitution of counsel, designating Attorney Eugene Ramirez of Manning Kass as defendants' new counsel of record (Doc. 42). As of April 16, 2025, the notice of substitution of counsel was still pending before the Court.

In the interim, defendants' counsel has been diligently reviewing the case file and setting depositions in this matter. Defendants have served plaintiffs with deposition notices for the following plaintiffs and percipient witnesses:

//

1. Glenn Pigee (percipient witness) – served notice to plaintiffs' counsel on April 10, 2025, for an April 30, 2025, deposition;
2. Luis Cabrerra (percipient witness) – served notice to plaintiffs' counsel on April 10, 2025, for an April 30, 2025, deposition;
3. Alexis Cernas (plaintiff) – served notice to plaintiffs' counsel on April 10, 2025, for a May 7, 2025, deposition;
4. Beatriz Loera (plaintiff) – served notice to plaintiffs' counsel on April 10, 2025, for a May 7, 2025, deposition;
5. I.C. (minor plaintiff) – served notice to plaintiffs' counsel on April 10, 2025, for a May 8, 2025, deposition;
6. I.C. (minor plaintiff) – served notice to plaintiffs' counsel on April 10, 2025, for a May 8, 2025, deposition;
7. Maritza Casillas (GAL) – served notice to plaintiffs' counsel on April 10, 2025, for a May 8, 2025, deposition.

Additionally, Deputy Deboom is out on medical leave until April 21, 2025. He then has pre-paid vacation scheduled for May 4 – 24, 2025. Deputy Sanchez has pre-planned vacation scheduled for May 11-17, 2025, and June 15-21, 2025. These conflicts will make the logistics of rescheduling the deputies' depositions challenging under the current scheduling order.

The Court's standing order contains very specific, delineated deadlines regarding the pre-filing meet and confer, briefing, and filing requirements for motions for summary judgment (Doc. 36). Based on defendants' review and understanding of the Court's standing order requirements, the following deadlines are applicable to defendants' anticipated motion for summary judgment ("MSJ") under the current scheduling order:

1. May 9, 2025 – pre-filing L.R. 7-3 meet and confer of the parties;
2. May 23, 2025 – defendants' portion of joint MSJ brief due to plaintiffs;
3. June 6, 2025 – plaintiffs' portion of joint MSJ brief due to defendants;

3

**DEFTS' NOTICE OF MOTION & MOTION FOR CONTINUANCE OF COURT'S SCHEDULING DEADLINES INCLUDING TRIAL DATE**

4.       June 10, 2025 – filing deadline re joint MSJ brief to the Court;

5.       June 17, 2025 – optional reply filing deadline;

6.       July 9, 2025 – MSJ hearing deadline.

As such, due to the depositions noted above, and plaintiffs' yet to be rescheduled depositions of Deputies Nathan Deboom and Christian Sanchez, defendants will not have sufficient time to take/defend the pending depositions, obtain transcripts of the proceedings, and prepare their portion of the joint brief according to the current deadlines. Further, defendants' counsel Eugene Ramirez has a preexisting trial conflict in *Llamas v. County of Riverside*, 5:24-cv-0249-CAS-SP, U.S. Dist. Court – C.D. Cal., which is scheduled to begin on October 7, 2024.

Due to the upcoming non-expert discovery deadline, the need to reschedule the depositions of Deputies Nathan Deboom and Christian Sanchez, the pending depositions of all plaintiffs and two percipient witnesses, and the Court's specifically delineated meet and confer, briefing, and filing requirements re defendants' anticipated MSJ, and defendants' preexisting trial conflicts, defendants respectfully request that this Court issue an Order continuing all of the current case scheduling order deadlines to the dates specified below. This is defendants' first request for a continuance of the scheduling deadlines in this action.

## II.   GOOD CAUSE EXISTS TO CONTINUE THE CASE MANAGEMENT DEADLINES

Federal Rule of Civil Procedure 16 provides that the court may modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*; *see also Jimenez v. R. Sambrano*, 2009 WL 937042, at *2 (S.D. Cal. Apr. 6, 2009) (in determining whether good cause exists for the amendment of a scheduling order, courts should consider "whether the

4

**DEFTS' NOTICE OF MOTION & MOTION FOR CONTINUANCE OF COURT'S SCHEDULING DEADLINES INCLUDING TRIAL DATE**

movant was diligent in seeking amendment once the need to amend became apparent.").

Defendants in this matter have been diligent, and the need for an extension in this matter is through no fault of their own. Defendants' counsel only just received the case file in this matter, requested that plaintiffs stipulation to a brief continuance of the scheduling deadlines, and filed a notice of substitution of counsel. Due to the large volume of case materials, including numerous body worn camera recordings of involved and responding personnel, review of this matter is ongoing.

Defendants timely set the depositions of seven plaintiffs and percipient witnesses to occur before the current non-expert discovery cut-off. Moreover, defendants have not previously requested a continuance of the deadlines in this action, and do so now only out of necessity to meet the Court's standing order deadlines regarding their anticipated MSJ.

Defendants' request is for a brief 90 day continuance of all deadlines, which will ensure defendants' ability to adhere to this Court's orders. Further, defendants will be prejudiced if the Court denies their request, as their prospects in bringing a case dispositive motion will be greatly diminished.

Therefore, defendants respectfully request a continuance of the case management deadlines as follows:

| EVENT | CURRENT DEADLINE | REQUESTED DEADLINE |
|---|---|---|
| Non-expert Discovery Cut-off | May 14, 2025 | August 13, 2025 |
| Initial Expert Disclosures | May 28, 2025 | August 27, 2025 |
| MSJ Filing | June 10, 2025 | September 10, 2025 |
| Rebuttal Expert Disclosures | June 18, 2025 | September 17, 2025 |

| Expert Discovery Cut-off | July 2, 2025 | September 30, 2025 |
| --- | --- | --- |
| MSJ Hearing | July 9, 2025 | October 8, 2025 |
| Settlement Conference | August 27, 2025 | August 27, 2025 (no change) |
| Pretrial Documents Filing – Pt. I | September 3, 2025 | December 3, 2025 |
| Pretrial Documents Filing – Pt. II | September 17, 2025 | December 17, 2025 |
| Final Pretrial Conference | October 1, 2025 at 3:00 p.m. | January 7, 2025 at 3:00 p.m. |
| Trial Date | October 20, 2025 at 8:30 a.m. | January 19, 2026 at 8:30 a.m. |

### III. CONCLUSION

In light of the foregoing, Defendants respectfully request that the Court issue an Order continuing the scheduling order deadlines to the dates specified above.

DATED: April 16, 2025        **MANNING & KASS**
                                              **ELLROD, RAMIREZ, TRESTER LLP**


                                              By:        /s/ *Eugene Ramirez*
                                                   Eugene P. Ramirez
                                                   Lynn Carpenter
                                                   Attorneys for Defendants, COUNTY OF LOS ANGELES et al.

# DECLARATION OF LYNN L. CARPENTER

1. I, Lynn Carpenter, declare as follows: I am an attorney duly admitted to practice before this Court. I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendants, COUNTY OF LOS ANGELES and DEPUTY CARLOS MACIEL. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of defendants' Motion for Continuance of Court's Scheduling Deadlines Including Trial Date.

2. On June 24, 2024, the Court issued its civil pretrial schedule and trial order, including the schedule of pretrial and trial dates (Doc. 37, 37-1). The Court set the jury trial of this matter for October 20, 2025. Since that time, the parties have exchanged written discovery, and plaintiffs took the deposition of defendant Carlos Maciel on December 19, 2024.

3. At the end of March, defense counsel Eugene Ramirez received notification that the County of Los Angeles would be transferring the defense of this action to defense counsel's law firm. The transfer of pertinent case file materials was a process that took several days to complete.

4. On April 1, 2025, defendants' counsel sent email correspondence to plaintiffs' counsel seeking a stipulated request for continuance of the scheduling deadlines, including the trial date, due to preexisting scheduling conflicts and to meet and confer about resetting the depositions of Deputy Nathan Deboom and Deputy Christian Sanchez.

5. On April 7, 2025, defendants' counsel sent follow up email correspondence to plaintiffs' counsel requesting the setting of a U.S. District Court – C.D. Cal., Local Rule 7-3 meet and confer conference regarding the substance of defendants' anticipated motion to continue the Court's scheduling deadlines, as plaintiffs' counsel did not respond to the April 1, 2025, email.

//

7

**DEFTS' NOTICE OF MOTION & MOTION FOR CONTINUANCE OF COURT'S SCHEDULING DEADLINES INCLUDING TRIAL DATE**

6. Attached as Exhibit A is a true and correct copy of the April 1, 2025, and April 7, 2025, email correspondence sent from defendants' counsel to plaintiffs' counsel.

7. Plaintiffs' counsel did not respond to either of defendants' counsel's communications, thus the parties never met and conferred pursuant to the Court's standing order requirements.

8. On April 9, 2025, former defense counsel filed a notice of substitution of counsel, designating Attorney Eugene Ramirez of Manning Kass as defendants' new counsel of record (Doc. 42). As of April 16, 2025, the notice of substitution was still pending before the Court. Defense counsel filed the instant motion in order to timely notify the Court of the confluence of factors supporting good cause for the continuance.

9. Defendants' counsel have been diligently reviewing the case file and setting depositions in this matter. Defendants have served plaintiffs with deposition notices for the following plaintiffs and percipient witnesses:

    i. Glenn Pigee (percipient witness) – served notice to plaintiffs' counsel on April 10, 2025, for an April 30, 2025, deposition;

    ii. Luis Cabrerra (percipient witness) – served notice to plaintiffs' counsel on April 10, 2025, for an April 30, 2025, deposition;

    iii. Alexis Cernas (plaintiff) – served notice to plaintiffs' counsel on April 10, 2025, for a May 7, 2025, deposition;

    iv. Beatriz Loera (plaintiff) – served notice to plaintiffs' counsel on April 10, 2025, for a May 7, 2025, deposition;

    v. I.C. (minor plaintiff) – served notice to plaintiffs' counsel on April 10, 2025, for a May 8, 2025, deposition;

    vi. I.C. (minor plaintiff) – served notice to plaintiffs' counsel on April 10, 2025, for a May 8, 2025, deposition;

//

8

**DEFTS' NOTICE OF MOTION & MOTION FOR CONTINUANCE OF COURT'S SCHEDULING DEADLINES INCLUDING TRIAL DATE**

       vii.    Maritza Casillas (guardian ad litem) – served notice to plaintiffs' counsel on April 10, 2025, for a May 8, 2025, deposition.

10. Additionally, Deputy Deboom is out on medical leave until April 21, 2025. He then has a pre-paid vacation scheduled for May 4 – 24, 2025. Deputy Sanchez has pre-planned vacation scheduled for May 11-17, 2025, and June 15-21, 2025. These conflicts will make the logistics of rescheduling plaintiffs' depositions of the involved deputies challenging under the current scheduling order.

11. The Court's standing order contains very specific, delineated deadlines regarding the pre-filing meet and confer, briefing, and filing requirements for motions for summary judgment (Doc. 36). Based on defendants' review and understanding of the Court's standing order requirements, the following current deadlines are applicable to defendants' anticipated motion for summary judgment ("MSJ") under the current scheduling order: May 9, 2025 – pre-filing L.R. 7-3 meet and confer of the parties; May 23, 2025 – defendants' portion of joint MSJ brief due to plaintiffs; June 6, 2025 – plaintiffs' portion of joint MSJ brief due to defendants; June 10, 2025 – filing deadline re joint MSJ brief to the Court; June 17, 2025 – optional reply filing deadline; July 9, 2025 – MSJ hearing deadline.

12. As such, due to the depositions noted above and plaintiffs' yet to be rescheduled depositions of Deputies Nathan Deboom and Christian Sanchez, defendants will not have sufficient time to take/defend the pending depositions, obtain transcripts of the proceedings, and prepare their portion of the joint brief according to the current scheduling deadlines. As defense counsel only just received the transfer of this case file, the cited scheduling issues are not attributable to a lack of diligence or neglect of counsel.

13. Further, defendants' counsel Eugene Ramirez has a preexisting trial conflict in *Llamas v. County of Riverside*, 5:24-cv-0249-CAS-SP, U.S. Dist. Court – C.D. Cal., which is scheduled to begin on October 7, 2024, and is anticipated to conflict with the current trial date. The Law Office of Dale K. Galipo, counsel of

9

**DEFTS' NOTICE OF MOTION & MOTION FOR CONTINUANCE OF COURT'S SCHEDULING DEADLINES INCLUDING TRIAL DATE**

record for plaintiffs in the instant matter, is also counsel of record for plaintiffs in that action.

14.     Due to the cumulative effect of the foregoing factors, defendants respectfully request that this Court issue an Order continuing all remaining scheduling order deadlines, including the trial date, for approximately 90 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16th day of April, 2025, at Los Angeles, California.

/s/ *Lynn Carpenter*
_____
Lynn Carpenter