LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

LUIS A. CARRILLO, SBN 70398
MICHAEL S. CARRILLO, SBN 258878
DOMINIQUE L. BOUBION, SBN 336915
CARRILLO LAW FIRM, LLP
1499 Huntington Drive, Suite 402
South Pasadena, California 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS CERNAS, JOHN I.C. DOE, a minor, by and through his guardian ad litem Maritza Casillas; JANE I.C. DOE, and, a minor, by and through her guardian ad litem Maritza Casillas; and BEATRIZ LOERA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, CARLOS MACIEL, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03261-SPG-SK<br>District Judge, Sherilyn Peace Garnett<br>Magistrate Judge, Steve Kim<br><br>**PLAINTIFFS' RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT LIFT THE STAY AND REIMPOSE CASE DEADLINES** |

TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to the Order of this Court (Dkt. 60), Plaintiffs hereby submit this response to this Court's Order to Show Cause Why the Court Should Not Lift the Stay and Reimpose Case Deadlines. Plaintiffs respectfully urge this Court to continue the stay in this matter until the Parties are able to consummate the terms of the settlement agreement, for the following reasons.

First, the approval process is well underway and should be completed within the next seven to eight months. Approval from the Contract Cities Board has already been obtained, and Defendants do not anticipate any issues with the Board of Supervisors' approval. Although the Parties filed their Notice of Conditional Settlement on August 20, 2025, the long form Settlement Agreement and Release was not fully executed and presented to the County until October 17, 2025. The Parties required time between August 20, 2025, and October 17, 2025, to negotiate the final terms of the long form Settlement Agreement and Release and to collect signatures. Language in the executed Settlement Agreement and Release specifically states that "the approval process can, and often does, take up to and including twelve months." Defendants' counsel has represented that the County anticipates presenting the matter to the Board of Supervisors in or around October 2026, which is twelve months from the date that the Settlement Agreement and Release was executed and presented to the County. This is consistent with the terms of the settlement agreement.

Second, lifting the stay and reimposing case deadlines would not promote judicial economy and would prejudice the Parties, who have reached a settlement that will resolve this case in its entirety. Lifting the stay and reimposing case deadlines would force the Parties and this Court to incur significant and unnecessary costs to litigate and try a case that the Parties have already agreed to resolve. For example, at the time of the mediation, the Parties were in the process of retaining experts and

meeting and conferring regarding Defendants' anticipated motion for summary judgment. The Parties agreed to settle the case in part to avoid incurring the time and expense of conducting further work on this case. If this Court were to reimpose the case deadlines, then the Parties and this Court would expend considerable resources in conjunction with briefing and ruling on Defendants' motion for summary judgment. If this Court were to reimpose the case deadlines and rule on the motion for summary judgment, it is likely that the losing party would file an appeal, which would further consume resources and court time by both the district court and the Ninth Circuit.

Additionally, if this Court were to reimpose the case deadlines, then the Parties would incur expenses relating to their retained experts' further workup of this case and conducting expert depositions. These costs are in addition to the costs that the Parties have already incurred to participate in the mediation for Richard Copeland's time spent mediating beyond the three pro bono hours. Further, lifting the stay and reimposing the case deadlines would cause this Court to incur significant expenses in conducting the trial of this matter and would also unnecessarily consume the time of jurors.

Finally, it is unlikely that the remaining work on the case (exchanging expert reports, conducting expert depositions, briefing Defendants' motion for summary judgment, preparing the pretrial documents, conducting a trial) would be accomplished before the anticipated October 2026 approval timeframe. Further, lead trial counsel on both sides have busy trial calendars, and finding a new trial date that works for both sides and this Court could present additional delay. Plaintiffs' counsel's understanding is that both sides believe that this settlement is in the best interests of the Parties.

For each of the foregoing reasons, Plaintiffs respectfully request that this Court continue the stay to allow the Parties time to have the settlement approved, file the petition for approval of the compromise of the claims of the minor plaintiffs once the settlement has been approved, and have the checks issued.

Respectfully Submitted,

Dated: March 11, 2026         **LAW OFFICES OF DALE K. GALIPO**

                              By:   /s/ *Renee Masonsong*
                                    DALE K. GALIPO
                                    RENEE MASONSONG
                                    *Attorneys for Plaintiffs*

Dated: March 11, 2026         **CARRILLO LAW FIRM, LLP**

                              By:   /s/ *Dominique L. Boubion*
                                    LUIS A. CARRILLO
                                    MICHAEL S. CARRILLO
                                    DOMINIQUE L. BOUBION
                                    *Attorneys for Plaintiffs*